UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GENEVIEVE CARLA PINKERTON,

                          Plaintiff,

v.

ANDREW SAUL, Commissioner of
Social Security,

                          Defendant.

DECISION & ORDER
19-CV-6211 MJP

---

## INTRODUCTION

**Pedersen, M.J.** Genevieve Carla Pinkerton ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI"). Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by a United States magistrate judge. (ECF No. 13.)

Presently before the Court are cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF Nos. 10 & 12.) For the reasons set forth below, this matter must be remanded for a rehearing.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for SSI on December 1, 2015. (R.[1] 167–73.) The Commissioner initially denied the application on March 28, 2016. (R. 98–109.) Plaintiff requested a hearing before an Administrative Law Judge ("A.L.J.") and

---

[1] "R." refers to the record of proceedings from the Social Security Administration, filed on February 5, 2019, ECF No. 6.

appeared and testified at a hearing held on February 7, 2018. (R. 29–83; 111–13.) On April 2, 2018, the A.L.J. issued an unfavorable decision, finding Plaintiff was not disabled. (R. 1–6.) In his decision, the A.L.J. followed the required five-step analysis for evaluating disability claims. (R. 12–19.) Under step one of the analysis, the A.L.J. found that Plaintiff had not engaged in substantial gainful activity since December 1, 2015, the application date. (R. 12.) At step two, the A.L.J. concluded that Plaintiff had the following severe impairments: depression, anxiety, fibromyalgia, sacroiliitis, and irritable bowel syndrome. (*Id.*) At step three, the A.L.J. determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (*Id.*) At step four, the A.L.J. concluded that Plaintiff has the Residual Functional Capacity ("RFC"):

> to perform light work as defined in 20 C.F.R. § 416.967(b) except she requires a sit/stand option at will, but must remain on task during the sit/stand period. She can perform frequent fingering and handling, and occasional stooping, kneeling, crouching, and crawling, but no climbing ladders, ropes, or scaffolds, and no exposure to unprotected heights. She must avoid concentrated exposure to dust, fumes, gases, pulmonary irritants, extreme temperatures, and loud work environments. She is limited to a low stress environment, defined as simple routine tasks, basic work-related decisions, rare changes in the workplace setting, occasional interaction with the public, and frequent interaction with co-workers and supervisors. She may be off-task five percent of the workday.

(R. 14.) The A.L.J. determined that Plaintiff has no past relevant work. (R. 17.) The A.L.J. proceeded on to step five and found that jobs existed in the national and regional economy that Plaintiff could perform. (R. 18.) Accordingly, at step five, the A.L.J. found that Plaintiff was not disabled. (R. 19.)

Plaintiff timely filed a request for review by the Appeals Council on April 13, 2018. (R. 165.) The Appeals Council denied the request for review on January 24, 2019, thereby making the A.L.J.'s decision the final decision of the Commissioner. (R. 1–6.) Plaintiff timely filed this civil action on March 21, 2019, seeking judicial review of the A.L.J.'s decision. (Compl., March 21, 2019, ECF No. 1.)

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the district court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir.

1983) (*per curiam*)). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart,* 335 F.3d 99, 105–06 (2d Cir. 2003); *see also Mongeur,* 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the A.L.J. must employ a five-step sequential analysis. *See Berry v. Schweiker,* 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

(1)   whether the claimant is currently engaged in substantial gainful activity;

(2)   if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

(3)   if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;

(4)   if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and

(5)   if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## ANALYSIS

Plaintiff challenges the A.L.J.'s decision on three separate grounds. First, Plaintiff contends that the A.L.J.'s RFC is not supported by substantial evidence. Specifically, the A.L.J. erred "by failing to weigh" the treating source materials of Gregory Ryan, M.D. according "to the appropriate legal standards." (Pl's Mem. of Law at 14, Oct. 16, 2019, ECF No. 10-1.) Plaintiff contends that the A.L.J. also erred by failing to give Dr. Ryan's opinion controlling weight as he was a treating physician. (*Id.* at 24.) Plaintiff further contends that the A.L.J. erred by failing to analyze the required factors in declining to assign Dr. Ryan's treating opinion controlling weight. (*Id.*) Second, Plaintiff asserts that while the A.L.J. gave "great weight" to the opinion of Rita Figueroa, M.D., the A.L.J. improperly rejected portions of that opinion without explanation and did not seek clarification of the opinion (*Id.* at 24–26.) Finally, Plaintiff argues that the A.L.J. erred by concluding that Plaintiff's testimony was inconsistent with the medical record as a whole and argues that "remand is required for proper evaluation of Plaintiff's subjective complaints." (*Id.* at 26–30.)

***The A.L.J. Erred with Respect to the Weight Assigned to the Employability Assessments of Dr. Ryan.***

Although not explicitly stated in the A.L.J.'s decision,[2] Dr. Ryan is a treating medical source under the applicable version of 20 C.F.R. § 416.913(a)(1).[3] Dr. Ryan is a treating source because of Plaintiff's frequent visits with him, (*see, e.g.*, R. 276, 283–85, 288–90, 507–09, 532–34, 564–66, 573–75 (indicating appointments apart from those for the employment assessments)), and because the treatments Plaintiff sought from Dr. Ryan were well within his scope of practice as a primary care physician. Accordingly, the A.L.J. was required to give Dr. Ryan controlling weight provided his assessments were "well supported" and were "not inconsistent with the other substantial evidence in the case record." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(2)).[4] The A.L.J. did not assign controlling weight to all of Dr. Ryan's assessments, failed to provide the requisite good reasons for the weight assigned, and failed to comply with the Second Circuit mandate, described below. (R. 16.)

When an A.L.J. does not give controlling weight to a treating physician, the A.L.J. must "explicitly consider" four factors provided in *Burgess* (the "*Burgess*" factors). *Estrella v. Berryhill*, 925 F.3d 90, 95–96 (2d Cir. 2019) (quoting *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013)) (the four "*Burgess*" factors stated in *Estrella*

---

[2] The A.L.J. referred to Dr. Ryan as Plaintiff's "primary care provider," which this Court interprets to mean that Dr. Ryan was one of Plaintiff's treating physicians. (R. 16.)

[3] Amended March 27, 2017. *See also* 20 C.F.R. §§ 416.927(a)(2) & 416.927(c)(2)–(6).

[4] In 2008, when the Second Circuit decided *Burgess v. Astrue*, the applicable provision was § 404.1527(d)(2). However, at the time Plaintiff filed her claim in 2015, the statute had been amended and the applicable subsection was changed to § 404.1527(c)(2).

and earlier in *Burgess* are drawn from 20 C.F.R. § 404.1527(c)(2): "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist.") An A.L.J.'s failure to consider each of the *Burgess* factors "explicitly" has been held to require remand where "the Commissioner has not [otherwise] provided 'good reasons' [for its weight assignment]." *Estrella*, 925 F.3d at 96 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 33 (2004) (alterations in original.) In such situations, the court is "unable to conclude that the error was harmless and consequently remand" is appropriate so that the A.L.J. can state the reasons for the weight assigned. *Estrella*, 925 F.3d at 96 (citing *Halloran*, 362 F.3d at 33.) Should a "searching review of the record," however, assure the Court "that the substance of the treating physician rule was not traversed," remand is not required for failure to adequately consider the *Burgess* factors. *Halloran*, 362 F.3d at 33. A court may find remanding inappropriate if the evidence is "essentially duplicative of evidence considered by the A.L.J." *Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010).

*Dr. Ryan's Assessments*

During Plaintiff's first visit with Dr. Ryan after she applied for SSI, Dr. Ryan completed an employability assessment. (R. 438–41.) Dr. Ryan found that Plaintiff was unable "to participate in activities except treatment or rehabilitation" due to "depression, anxiety, [and] chronic pain" for eight months. (R. 439.) Dr. Ryan also concluded that during a normal eight-hour workday, Plaintiff could walk two to four hours, stand two to four hours, sit two to four hours, push, pull, and bend for one to

two hours, and that Plaintiff could lift or carry for one to two hours. (R. 441.) Plaintiff had no evidence of limitations concerning seeing, hearing, and speaking. (*Id*.)

On June 25, 2015, Dr. Ryan completed another employability assessment, concluding that Plaintiff had the same medical conditions, but with the addition of fibromyalgia and an inability "to participate in activities except treatment or rehabilitation" for six months. (R. 444.) The limitations on eight-hour workdays remained the same. (R. 446.)

On January 12, 2016, Dr. Ryan completed another employability assessment, concluding that Plaintiff had the same medical conditions as on June 25, 2015, with an inability "to participate in activities except treatment or rehabilitation" for one year. (R. 448.) The limitations on eight-hour workdays remained the same. (R. 450.) On December 28, 2016, Dr. Ryan made the same assessment of Plaintiff as on January 12, 2016. (R. 453–55.)

Dr. Ryan's final assessment, signed on December 14, 2017, indicated the same medical conditions with the addition of lower back pain and memory problems. (R. 478–79.) Dr. Ryan indicated that Plaintiff's "[frequent] experience of pain or other symptoms [was] severe enough to interfere with attention and concentration needed to perform simple work tasks." (R. 478.) The form stated that "frequent[]" means "34% to 66% of an [eight]-hour work day." (*Id*.) Dr. Ryan also indicated that Plaintiff could only walk a single city block "without rest or pain." (*Id*.) Finally, Dr. Ryan indicated that Plaintiff would "likely [ ] be absent from work as a result of" her medical conditions "more than four days per month." (R. 479.)

8

In his decision, the A.L.J. gave Dr. Ryan's assessments different weights based on a comparison between the assessments and with the record as a whole as follows:

> Great weight is granted to employability assessments submitted on several occasions between January 2015 and December 2016 by Gregory Ryan, MD, a primary care provider [citation omitted], as they are generally supported by objective findings noted previously. Dr. Ryan indicated that the claimant could walk, stand, or sit for up to four hours each during a normal eight-hour day, and [that Plaintiff] could lift and carry for up to two hours of eight, and push, pull, and bend for up to two hours of eight. Little weight is granted to a December 2017 assessment from Dr. Ryan [citation omitted], in which he indicates much greater limitations were present. He indicated that the [Plaintiff] could stand/walk in combination for less than two hours of an eight-hour day and would miss four or more work days per month. This opinion is highly inconsistent with his previous assessments and is not well-supported by objective findings and the very conservative treatment course. For example, although recent exams document back pain and trigger point tenderness, [Plaintiff] was only instructed to use over the counter medication . . . and home exercises/stretching for symptom control.

(R. 16.) The A.L.J.'s failure to adequately address the first *Burgess* factor results in this Court being unable to conclude that the A.L.J. applied the substance of the treating physician rule to Plaintiff's benefit, requiring remand. Separately, this Court also finds that the A.L.J. failed to provide enough indication that he properly considered the third *Burgess* factor, which also requires remand.

1. *The A.L.J.'s Application of the Burgess Factors*

While the A.L.J. makes a barebones reference to the existence of a treating relationship between Dr. Ryan and Plaintiff by stating that Dr. Ryan is "a primary care provider" for Plaintiff, the A.L.J.'s failure to apply portions of the first *Burgess* factor leaves this Court unable to determine if the A.L.J. "conscientiously applied the substance of the treating physician rule." *Gualano v. Comm'r of Soc. Sec*, 415 F. Supp.

353, 361 (W.D.N.Y. 2019) (citing *Jasen v. Comm'r of Soc. Sec.*, No. 16-CV-6153P, 2017 WL 3722454, *11 (W.D.N.Y. Aug. 29, 2017); *see also Alexander v. Comm'r of Soc. Sec.*, No. 14-CV-0039, 2014 WL 7392112, *6 (D. Vt. Dec. 29, 2014) (holding that remand is required where the "[t]he court cannot be confident that [Plaintiff] received the treating physician rule's procedural advantages, nor can it conclude that the substance of the treating physician rule was not traversed.") (internal quotations and brackets omitted.) The first *Burgess* factor requires the A.L.J. to consider "the frequen[cy], length, nature, and extent of treatment." *Estrella*, 925 F.3d at 95 (quoting *Selian v. Astrue*, 708 F.3d 409, 418 (2013)). Here, the A.L.J. did not consider the "frequency" of the treating relationship. (R. 16.) The record clearly indicates that Plaintiff saw Dr. Ryan frequently over several years. (*See, e.g.*, R. 276, 283–85, 288–90, 507–09, 532–34, 564–66, 573–75 (indicating appointments apart from those for employment assessments)).

Additionally, the A.L.J. only assigned weight to Dr. Ryan's employability assessments and not to his treatment notes in general. (*Id.*) The A.L.J. thus does not appear to have considered the full extent of Dr. Ryan's treatment. Accordingly, remand is required to ensure that Plaintiff received the benefit of the treating physician rule in compliance with the first *Burgess* factor.

Further, while the A.L.J. failed to adequately address the first *Burgess* factor, the A.L.J. did address the third *Burgess* factor, which required that the A.L.J. consider "the consistency of the opinion with the remaining medical evidence." *Estrella*, 925 F.3d at 95–96. The A.L.J. stated that Dr. Ryan's medical assessment of

10

December 2017 was "not well-supported by objective findings and the very conservative treatment course" while finding that his earlier assessments were entitled to "great weight." (R. 16.) Plaintiff argues, essentially, that the A.L.J. cherry-picked evidence favoring a decision to deny benefits. (Pl.'s Mem. of Law at 22–23.) While the A.L.J. did provide a limited discussion of the inconsistency between Dr. Ryan's December 2017 assessment with his earlier assessments and the record, (R. 16), there are indications in the record that the assessments are consistent, which merits a more meaningful attempt to "'reconcile' or 'grapple with' the apparent longitudinal inconsistencies" in Dr. Ryan's assessments. *Estrella*, 925 F.3d at 97 (quoting *Selian*, 708 F.3d at 409); *see also Younes v. Colvin*, No. 1:14-CV-179 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. April 2, 2015) (stating that A.L.J.s "must have a sound reason for weighting portions of the same-source opinions differently.")

Dr. Ryan noted that Plaintiff was suffering from additional pain in his December 2017 assessment, which could indicate Plaintiff's condition was worsening rather than there being an inconsistency between Dr. Ryan's assessments (R. 478.) In addition, Dr. Ryan's December 2017 assessment notes that Plaintiff would "miss four or more work days per month," for appointments and his previous assessments indicate that Plaintiff was unable "to participate in activities except treatment or rehabilitation" for six months. (R. 444.) While these assessments may indicate that Plaintiff's disability lacked the required duration under 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A), they may also support Plaintiff's contentions that she will be unable

to pursue employment because of the amount of treatment she needs to receive. *See Olejniczak v. Colvin*, 180 F. Supp. 3d 224, 229 (W.D.N.Y. 2016.) (holding that when a treating physician's opinion was given appropriate controlling weight it established an "inability" of Plaintiff "to sustain full-time work" which rendered Plaintiff "disabled under the regulations"); *see also Hodgkin v. Comm'r of Soc. Sec.*, __ F. Supp. 3d __, No. 18-CV-703 (MWP), 2020 WL 1457625 at *6 (W.D.N.Y. March 26, 2020) (remanding solely for calculating of benefits where Plaintiff "suffer[ed] from inability to remain on task for approximately 85% of the workday, as required for competitive work.").

Without more discussion from the A.L.J., this Court is unable to conclude that the A.L.J. was not "cherry picking" in his assignment of different weights to Dr. Ryan's assessments, a practice which the courts and the Second Circuit itself have "decr[ied]." *Artinian v. Berryhill*, No. 16-CV-4404 (ADS), 2018 WL 401186, at *8 (E.D.N.Y. Jan. 12, 2018) ("Federal courts reviewing administrative social security decisions decry 'cherry picking' of relevance evidence, which may be defined as inappropriately crediting evidence that supports administrative conclusions while disregarding differing evidence from the same source") (citing *Smith v. Bowen*, 687 F. Supp. 902, 904 (S.D.N.Y. 1988)); *Estrella*, 925 F.3d at 97; *Fiorello v. Heckler*, 725 F.2d 174, 175–76 (2d Cir. 1983).

The A.L.J. may have considered and appropriately weighed "different parts of the same opinion differently." *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). However, there is insufficient discussion in the A.L.J.'s decision for this Court to

determine if the A.L.J. properly addressed the record regarding the third *Burgess* factor. Based on this, remand is necessary so that the Commissioner can provide "good reasons" for the weight assignments given to Dr. Ryan's assessments in the A.L.J.'s decision. *See Estrella*, 925 F.3d at 97 (holding that "cherry-picked treatment notes do not provide 'good reasons'" for assignment of weight to a treating physician's opinion.)

The forgoing errors require reversal and remand. Since remand is required, the Court need not address the other arguments advanced by Plaintiff in support of her motion.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for judgment on the pleadings (ECF No. 10), and denies the Commissioner's motion for judgment on the pleadings (ECF No. 12). Pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Court remands this matter to the Commissioner for a hearing. The Court directs the Clerk of the Court to enter judgment in favor of Plaintiff and close this case.

IT IS SO ORDERED.

Dated:   August 5, 2020
         Rochester, New York

MARK. W. PEDERSEN
United States Magistrate Judge